UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY J. WILLIAMS,

    Plaintiff,

v.                              Case No. 5:25-cv-33-TKW-MJF

J. FLOYD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with two court orders and applicable court rules, and failed to pay the filing fee or properly move for leave to proceed *in forma pauperis*.

### I. BACKGROUND

Plaintiff is a Florida prisoner housed at the Columbia Correctional Institution. Plaintiff commenced this civil action on February 18, 2025, by filing a *pro se* civil rights complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Plaintiff's complaint was deficient because

it was not filed on the Northern District's form. *See* N.D. Fla. Loc. R. 5.7(A).

Plaintiff's application for leave to proceed *in forma pauperis* was deficient for the same reason—it was not filed on the Northern District's form. *See* N.D. Fla. Loc. R. 5.3. In addition, Plaintiff's application did not include the required prisoner consent form. Also, Plaintiff's account printout reflected transactions only through December 31, 2024. *See* 28 U.S.C. § 1915(a) (requiring that the printout include transactions for the 6-month period immediately preceding the filing of the complaint).

Accordingly, on February 25, 2025, the undersigned ordered Plaintiff to file the following: (1) a notice of voluntary dismissal; or (2) an amended civil rights complaint on the Northern District's form accompanied by the $405.00 filing fee or a complete application for leave to proceed *in forma pauperis* on the Northern District's form. Doc. 4. The undersigned imposed a compliance deadline of March 27, 2025, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id.* at 5.

To date, Plaintiff has not complied with the order dated February 25, 2025, and has not responded to the show-cause order entered on April 15, 2025. Doc. 5.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when a plaintiff fails to pay the filing fee or show that he qualifies to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); N.D. Fla. Loc. R. 5.3; *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders and applicable rules for the Northern District of Florida, failed to prosecute this action, and failed to pay the filing fee or file a new and complete application for leave to proceed *in forma pauperis*. Plaintiff has offered no excuse for his

failures and, consequently, has not shown good cause. Accordingly, dismissal of this action is appropriate.

### III. Conclusion

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. **DIRECT** The clerk of court to close this case file.

At Panama City, Florida, this 12th day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**